UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SANDROCK,

       Plaintiff,

v.

                       Hon. Hala Y. Jarbou

                       Case No. 1:24-cv-00017

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In making this determination, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## BACKGROUND

Plaintiff was 44 years of age on his alleged disability onset date. (ECF No. 5-16, PageID.1152). Plaintiff possesses a high school education and worked previously as a forklift driver and a lead baker. (ECF No. 9, PageID.1592). Plaintiff applied for benefits on July 13, 2018, alleging that he had been disabled since October 20, 2014, due to chronic pain syndrome, diabetes mellitus, and other ailments. (ECF No. 5-16, PageID.1147-48).

Plaintiff's application was denied initially on October 10, 2018, after which he requested a hearing before an Administrative Law Judge (ALJ). The ALJ, in an opinion dated November 20, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 5-2, PageID.31-40). On September 13, 2022, the U.S. District Court for the Western District of Michigan reviewed the ALJ's determination and remanded for further consideration of certain medical opinions. (ECF No. 5-16, PageID.1145). The ALJ, in an opinion dated October 19, 2023, again determined that Plaintiff did not qualify for disability benefits. (*Id.* at PageID.1154). The Appeals

Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Comm'r of Soc. Sec.*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from degenerative disc disease, moderate thoracic spondylosis, and diabetes mellitus without complication, severe

impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 5-16, PageID.1148).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work, subject to the following limitations: (1) he can occasionally lift and carry up to forty pounds; (2) he can frequently lift and carry eleven to twenty pounds; (3) he can continuously lift and carry less than ten pounds; (4) he can stand for thirty to sixty minutes uninterrupted and walk thirty to sixty minutes uninterrupted; (5) he can, during an eight-hour workday, stand for a total of two to three hours and walk for a total of one to two hours; (6) he can frequently push and pull with both upper extremities; (7) he can continuously reach with his bilateral arms and hands; (8) he cannot climb ladders or scaffolds; (9) he can continuously handle, finger, and feel; (10) he can frequently climb ramps and stairs; (11) he can occasionally balance; (12) he can continuously stoop and crouch; (13) he can occasionally kneel; (14) he cannot crawl and he cannot work around unprotected heights or punch-press machines; (15) he would be off task for up to ten percent of the workday; and (16) he will likely miss one day of work, or less, per month. (*Id.* at PageID.1149).

The ALJ found that Plaintiff could not perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific

jobs that Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 137,000 jobs in the national economy which an individual with Plaintiff's RFC could perform. (ECF No. 5-16, PageID.1153). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Residual Functional Capacity

Plaintiff argues that he is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, he argues that the symptoms and limitations posed by his depression, diabetes mellitus, and left-hand pain are not adequately considered in the ALJ's RFC assessment. (ECF No. 9, PageID.1604-06).

The undersigned disagrees. The ALJ reasonably found that Plaintiff's subjective complaints with respect to depression, diabetes mellitus, and left-hand pain were inconsistent with the overall record evidence. Although Plaintiff urges the court to reweigh evidence in order to find him more greatly limited, substantial evidence exists to justify the ALJ's findings and RFC assessment.

When assessing Plaintiff's depression as a nonsevere impairment, the ALJ observed that Plaintiff's mental status examinations "consistently report cooperative

behavior, a good attitude, good hygiene, normal speech, normal thought content, and normal judgment." (ECF No. 5-16, PageID.1148; ECF No. 5-12, PageID.870; ECF No. 5-11, PageID.797). Only occasionally is a depressed mood reported. (ECF No. 5-11, PageID.807). It additionally appears that Plaintiff has never undergone psychiatric hospitalization. *Monateri v. Comm'r of Soc. Sec.*, 436 Fed App'x. 434, 443 (6th Cir. 2011) (finding substantial evidence to support an ALJ's denial of benefits, in part because the claimant had not sought inpatient treatment for the period in question). In his own function report, Plaintiff reported no issues getting along with others, being able to understand and execute both written and spoken instructions, and having no difficulties dealing with people in positions of authority, stressful situations, or changes in routine. (ECF No. 5-6, PageID.282-83).

Examination notes dated November 7, 2018, additionally describe Plaintiff's diabetes as "very tightly controlled" and "excellent". (ECF No. 5-11, PageID.791). Other notes dated October 31, 2018, observe that Plaintiff's diabetes "is going great – a1c is excellent today." (*Id.* at PageID.778). On one occasion, he was congratulated for "excellent diabetic maintenance." (*Id.* at PageID.782); *see Harris v. Sec'y of Health & Hum. Servs.*, 756 F.2d 431, 436 n.2 (6th Cir. 1984) (noting that the "Sixth Circuit has consistently held that if a condition is remediable through medication or treatment, it is not disabling for purposes of a social security determination."). During these assessments, Plaintiff presented with no acute distress, despite having been hospitalized earlier that year in April due to diabetic complications. (ECF No. 5-9, PageID.584). After his hospitalization, Plaintiff exhibited signs of diabetic fatigue

on a mixed basis. Many times, he was assessed as negative for diabetic fatigue. (ECF No. 5-10, PageID.724, 758, 760, 762; ECF No. 5-22, PageID.1496, 1503, 1521). On other occasions, fatigue presented alongside concurrent conditions such as pneumonia. (*See, e.g.*, ECF No. 5-14, PageID.1041, 1049).

The ALJ also detailed that Plaintiff had a mass surgically removed from his left hand on May 23, 2017, and found that it was a nonsevere impairment because it did not meet the twelve-month durational requirement. (ECF No. 5-16, PageID.1148). After doing so, the ALJ found significant the fact that Plaintiff experiences a full range of motion in his extremities. (*Id.* at PageID.1150). Indeed, treatment notes from before the surgery state Plaintiff was experiencing left-hand discomfort, as opposed to pain, with normal range of motion. (ECF No. 5-10, PageID.706, 709, 750). After his surgery, Plaintiff continued to exhibit a normal range of motion in his extremities and received normal musculoskeletal and neurological evaluations in general. (*See, e.g.*, ECF No. 5-12, PageID.886; ECF No. 5-22, PageID.1500). Examination notes additionally detail that Plaintiff reported he was "doing well" with respect to his post-surgical care, which involved range of motion activities and scar massaging. (ECF No. 5-5, PageID.234; ECF No. 5-10, PageID.759). No tenderness, edema, or deformity was found. (ECF No. 5-12, PageID.869). A report dated April 5, 2018, further states that "no apparent sensory motor weakness [was] noted." (ECF No. 5-9, PageID.584; *see, e.g.*, ECF No. 5-22, PageID.1496, 1517).

The ALJ also accorded weight to the fact that Plaintiff's daily functioning is "less limited than one could reasonably expect, considering the severity of his

allegations." (ECF No. 5-16, PageID.1150). As the ALJ described, Plaintiff can drive a car unassisted, shop at grocery stores, manage his finances, engage in hobbies such as video games, spend time with others, and go out daily. (ECF No. 5-6, PageID.280-81). In particular, his capacity to drive a car suggests his hands have the strength, stamina, and dexterity to manipulate the keys, turn the steering wheel, and open the vehicle doors.[1] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (citations omitted) ("[a]n ALJ may consider household and social activities… in evaluating a claimant's assertions of pain or ailments.").

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

---

[1] To be sure, the function report cited above also contains some evidence of Plaintiff's chronic pain and left-hand weakness. These self-contained inconsistencies, however, further buttress the conclusion that substantial evidence exists to support the ALJ's determination that Plaintiff's left-hand weakness is not sufficiently disabling to preclude continuous handling, fingering, and feeling in his RFC assessment. *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citations omitted) (holding that the ALJ's decision "must be affirmed if [their] findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision.").

This is what the ALJ did, and the ALJ's RFC assessment is supported by substantial evidence. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citations omitted) (holding that the ALJ's decision "must be affirmed if [their] findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."). Plaintiff's argument is essentially that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

## II.   Medical Source Opinions

Plaintiff avers that the ALJ's assessment of two medical source opinions are not supported by substantial evidence. Specifically, he alleges that the ALJ erred by: (1) assessing the opinions of Plaintiff's treating nurse practitioner, David Beard, as not persuasive; and (2) assessing the opinions of Dr. Mark Stevens, who reviewed the medical record and testified as an expert at Plaintiff's hearing on August 14, 2023, as persuasive. (ECF No. 9, PageID.1585).

Because Plaintiff filed his application after March 27, 2017, the ALJ evaluated the opinions in question pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate her determination of the persuasiveness of a medical

opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

A.   David Beard, N.P.

Nurse Practitioner Beard submitted a statement, dated August 26, 2019, indicating that Plaintiff had chronic pain, back pain, migraines, and tinnitus that resulted in work-preclusive limitations. (ECF No. 5-15, PageID.1139-40). Specifically, N.P. Beard described that he treated Plaintiff for increased pain, decreased strength, decreased endurance, and increased fatigue. He also stated that

Plaintiff's back pain causes difficulties with occupational tasks, lifting, carrying, handling, and activities of daily living. (*Id.* at PageID.1140). In total, N.P. Beard opined that Plaintiff would be off task for thirty percent or more of the workday and would need unscheduled breaks from work as the symptoms dictate. (*Id.* at PageID.1139-40).

The ALJ concluded that N.P. Beard's statements were unpersuasive, because treatment notes were negative for fatigue, decreased endurance, and difficulty completing activities of daily living. (ECF No. 5-16, PageID.1151). Instead, N.P. Beard's treatment records "consistently reported a normal gait, full strength, and range of motion in his extremities, normal coordination, normal reflexes," in addition to Plaintiff's reported independence in "almost all activities of daily living." (*Id.* at PageID.1151). In essence, the ALJ found N.P. Beard's statements inconsistent with and unsupported by the overall record.

Substantial evidence in the record supports the ALJ's conclusion. As noted above, Plaintiff's own function report reveals a high degree of ability with respect to activities of daily living. Specifically, Plaintiff is able to drive a car unassisted, shop at grocery stores alone, manage his finances, engage in hobbies, spend time with others, and go out daily. (ECF No. 5-6, PageID.280-81). There is also evidence in the record that, indeed, consistently states Plaintiff exhibited a normal gait, range of motion, strength, and coordination in both the extremities and spine. (*See, e.g.*, ECF No. 5-12, PageID.886; ECF No. 5-22, PageID.1500; ECF No. 5-10, PageID.701, 706, 711). Many times, Plaintiff was assessed as negative for diabetic fatigue and

weakness.  (ECF No. 5-22, PageID.1496, 1503, 1521); C.F.R. § 404.1520c(c)(2) ("[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be.").

Where, as here, there is substantial evidence to support the ALJ's determination, invitations to reweigh the evidence and to find other medical opinions persuasive ought to be rejected.  *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022); *see Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted) (holding that substantial evidence is more than a scintilla, but less than a preponderance). Accordingly, this argument is rejected.

B.     Mark Stevens, M.D.

At the hearing on August 14, 2023, Dr. Stevens testified he reviewed the medical record and opined that Plaintiff had the capacity to perform light work subject to certain limitations, such as: (1) he can occasionally lift and carry up to forty pounds; (2) he cannot crawl and he cannot work around unprotected heights or punch-press machines; (3) he can occasionally balance; (4) he can occasionally kneel; (5) he cannot climb ladders or scaffolds but can climb ramps and stairs; and (6) he would likely miss one day of work, or less, due to his symptoms.  (ECF No. 5-16, PageID.1170-75).

In reviewing Dr. Stevens' opinions, the ALJ credited Plaintiff's subjective allegations and found Dr. Stevens' opinions to be a suitable middle ground.  Indeed,

the ALJ's RFC assessment largely mirrors Dr. Stevens' opined limitations. Specifically, the ALJ concluded that Dr. Stevens' opinions were persuasive, because the record contained many normal clinical observations and "Dr. Stevens' opinion has suitably incorporated the objective and subjective evidence[.]" (*Id.* at PageID.1152). Essentially, the ALJ found that Dr. Stevens' testimony was consistent with and supported by the record.

Substantial evidence in the record substantiates the ALJ's conclusion. As discussed above, medical records consistently find Plaintiff to display normal gait, strength, sensation, coordination, reflexes, and range of motion despite periodic notations of pain. (*See, e.g.*, ECF No. 5-7, PageID.355; ECF No. 5-12, PageID.886; ECF No. 5-22, PageID.1500; ECF No. 5-10, PageID.701, 706, 711). Plaintiff's diabetes has also been described as "tightly controlled" and "excellent." (*See, e.g.*, ECF No. 5-11, PageID.791). Plaintiff's allegations of left-hand weakness and pain are inconsistent with evidence demonstrating full range of motion in his extremities and relatively normal musculoskeletal and neurological findings. (*See, e.g.*, ECF No. 5-12, PageID.837, 886; ECF No. 5-22, PageID.1500). Dr. Stevens further testified that there are "no sensory motor deficits [and] no strength deficits" in the record, despite Plaintiff's alleged history of disabling chronic pain. (ECF No. 5-16, PageID.1173-74; *see, e.g.*, ECF No. 5-22, PageID.1517); s*ee Showalter v. Kijakazi*, No. 22-5718, 2023 WL 2523304, at *3 (6th Cir. Mar. 15, 2023) ("[a]n ALJ must consider how closely a claimant's self-reported symptoms line up with objective medical and other evidence

in the record… [i]f a claimant's statements about pain aren't backed up by medical evidence, she won't prevail on a disability claim).

In sum, the ALJ articulated good reasons, supported by the evidence, for finding Dr. Stevens' opinions persuasive. While Plaintiff urges the court to reweigh the evidence and reach a different conclusion, as noted above, this is not a basis for obtaining relief. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: February 3, 2025                          /s/ Phillip J. Green
                                                                     PHILLIP J. GREEN
                                                                     United States Magistrate Judge